UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

|

PINIKA, LLC,                                          |          Case No. 1:07-cv-826

|

Plaintiff,                      |       HONORABLE PAUL L. MALONEY

|

v.                             |   Magistrate Judge Ellen S. Carmody

|

METLIFE, INC.,                                        |

|

Defendant.                      |

_____  |

**Opinion and Order**
*" Pinika 3 "*

**Directing the Plaintiff to Respond to Defendant's Motion for Reconsideration;
Permitting the Defendant to File a Reply Brief Thereafter**

This is a diversity breach-of-contract action between Pinika LLC ("Pinika") and MetLife,

Inc. ("Metlife").  After requesting certain documentary evidence, *see Pinika, LLC v. MetLife, Inc.*,

2008 WL 2439108 (W.D. Mich. June 12, 2008) (Maloney, J.) ("*Pinika 1*")*,* this court originally

granted Metlife's motion for summary judgment, *see Pinika, LLC v. MetLife, Inc.*, 2008 WL ____

(W.D. Mich. ____, 2008) (Maloney, J.) ("*Pinika 2*").

Plaintiff Pinika timely filed a motion for reconsideration, which the court granted in part and

denied in part.  The court granted reconsideration to Pinika on two issues, holding that:

(1)    defendant MetLife breached the contract by failing to tender one million documents
       for imaging in Year 2;

(2)    defendant MetLife breached the contract by failing to pay some of the fees due for
       documents which it actually tendered in Year 3.

The court adhered, however, to its earlier determination that MetLife did not breach the contract by failing to tender one million documents for imaging in Year 3.  The court directed the parties to confer and calculate the damages and interest which MetLife owes to Pinika for Years 2 and 3.  *See Pinika, LLC v. MetLife, Inc.*, 2009 WL 891723 (W.D. Mich. Mar. 31, 2009) (Maloney, C.J.) ("*Pinika 3*").

**On April 14, 2009, defendant MetLife moved for reconsideration of this last order.**

**With regard to Year Two, defendant MetLife** does not challenge the determination that it breached the contract by tendering fewer than one million documents for imaging in that year. Rather, MetLife objects to the court's inclination to calculate Year Two damages on the assumption that each additional document that it should have tendered for imaging would have contained an average of 2.3 images.  Def's Recon Mot at 1-2.  MetLife urges the court to assume that each additional Year Two document would have contained only one image.  MetLife asserts that the contract compels that finding.  According to MetLife, assuming that each additional Year Two document would have contained 2.3 images is an impermissible use of "parole [sic] evidence in a contract case where the unambiguous terms of the contract provide a basis for calculating any damages."  Def's Br. at 2 and .

MetLife states unclearly, "According to the Agreement at Section 36.17, a document *may be* a one-sided page containing only one image."  Def's Recon Mot at 2 (citing Dkt. Entry 22's Ex B) (emphasis added).  As MetLife later notes, however, what this contractual provision actually states is this:  "For the sake of clarity, a 'Document' may be one or more pages in length and each one-sided page of a Document which is digitized hereunder shall constitute one image."  Agreement § 36.17.  **In any event, assuming that each and every additional document would have**

**contained only one image, MetLife urges the court to calculate Year Two damages (before**

**interest) as follows:**

| 294,844 documents | x | 1 image per document | = | 294,844 images |
| 294,844 images | x | $0.13 per image | = | $ 38,329.72 |

Def's Recon Mot at 3 and n.6.  From this sum, MetLife wishes to subtract an amount that it allegedly

overpaid in the following year, Year Three (see below).

**With regard to Year Three, defendant MetLife states that**

the Court has been clearly misled by a typographical error in Defendant['s] pleadings
which contradicts the Plaintiff's Complaint and all of the available evidence in this
case.  According to Plaintiff's Complaint, MetLife tendered 146,459 documents in
Year Three, not 347,000 documents.  [footnote 3 omitted] It is undisputed that
MetLife paid for these documents and mistakenly paid an additional $13,390.00 upon
notice of termination.  The court held that:

> Pinika has never identified any provision of the contract which
> required MetLife to render any particular number of documents or
> images for imaging per day, per week, per month, or per quarter.  By
> its terms the agreement required only that MetLife tender 1,000,000
> documents for imaging in and by the end of *each full year the*
> *contract was in effect*.
>
> Opinion at [12-13], Docket Entry No. 59.

Thus, as a matter of law, MetLife had no duty to tender any documents in Year Three
prior to termination.  The Court held that MetLife could have tendered 1,000,000
documents "even on the last day of the year."  Opinion at [13], Docket Entry No. 59.
Following the court's reasoning, the $13,390.00 payment which was tendered to
Plaintiff upon termination was in excess of any Year Three liability and must be
applied to reduce any Year Two damages the court may find.

Michael Wiley's affidavit stating that the $13,390.00 represented [imaging fees for]
347,000 documents for a four month period is a clerical error which can be corrected
by conforming the pleadings to the proofs.  Significantly, Plaintiff does not argue that
MetLife tendered and/or failed to pay for 347,000 documents and indeed has
produced no receipts or invoices evidencing the production of an additional 347,000
documents.  Thus, as the court ordered that MetLife was liable for the documents
which never existed, a correction of this error [caused by MetLife's own repeated use
of the wrong number of documents tendered by Pinika in Year Three] necessitates

the conclusion that MetLife has no further Year Three liability.

Def's Recon Mot. at 2-3.  Ultimately, MetLife proposes Year Two damages of $38,329 for Year Two damages (as discussed above), *minus* the $13,390 alleged overpayment for Year Two.  This yields a MetLife total damages proposal of $24,939.72 (before adding any applicable pre-judgment and post-judgment interest).

## ORDER

No later than Monday, May 11, 2009, plaintiff Pinika **SHALL FILE** a brief addressing the merits of each argument made in the defendant's motion for reconsideration.

Defendant MetLife then **MAY FILE** a reply brief in support of its motion, not to exceed ten pages (exclusive of cover page, table of authorities, and certificate of service) within the time limit provided by Federal Rule of Civil Procedure 6 and this court's Local Civil Rules.

**IT IS SO ORDERED this 24th day of April 2009.**

 /s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge